**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|                                          |     |                          |
|------------------------------------------|-----|--------------------------|
|                                          | *   |                          |
| **BRIDGET DELORES GATEWOOD,**            | *   |                          |
| **Plaintiff**                            | *   |                          |
| **v.**                                   | *   | **CIVIL NO. JKB-16-0854** |
| **JEH CHARLES JOHNSON,** *et al.*,       | *   |                          |
| **Defendants**                           | *   |                          |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Plaintiff Bridget Delores Gatewood, an employee of the United States Citizenship and Immigration Services ("USCIS"), initiated this case by filing a *pro se* complaint against Jeh Charles Johnson, Secretary of Homeland Security, and several supervisors at the Baltimore district office of the USCIS[1] alleging discrimination on the basis of race, age, disability, and retaliation. (Compl., ECF No. 1.)  Pending before the Court is Defendants' joint motion to dismiss or, alternatively, for summary judgment (ECF No. 11), which Plaintiff opposes (ECF No. 13).  No hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2016).  For the reasons stated below, the Court will grant Defendants' motion as a motion to dismiss.

## I. *Standard for Dismissal for Failure to State a Claim*

A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

---

[1] The supervisors Plaintiff names in her suit are Dereck Warke, Kimberly Corkran, Rima Sorges Collins, William Olde, Greg Collett, and Dustin Meeker.

defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  An inference of a mere possibility of misconduct is not sufficient to support a plausible claim.  *Id.* at 679.  As the *Twombly* opinion stated, "Factual allegations must be enough to raise a right to relief above the speculative level."  550 U.S. at 555.  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).  Although when considering a motion to dismiss a court must accept as true all factual allegations in the complaint, this principle does not apply to legal conclusions couched as factual allegations.  *Twombly*, 550 U.S. at 555.

## II.   Allegations of the Complaint[2]

Plaintiff, a fifty-one-year-old African American woman who walks with the assistance of a cane, alleges that her supervisors at the USCIS discriminated against her on account of her race, age, and disability.  (Compl. 5, 6, 8.)[3]  She states that on July 18, 2013, her supervisors placed her on administrative leave and had her escorted from the USCIS offices, citing as an explanation Plaintiff's inability to manage her anger.  (*Id.* at 8.)  On July 24, Defendant Olde called Plaintiff to require her attendance at a meeting the following day, at which point Plaintiff speculated that her supervisors were "upset because [she] told them that [she] had meetings with the NAACP and ACLU."  (*Id.*)  When she arrived at the Federal Building on July 25, Plaintiff learned that her picture had been placed in a security list, and accordingly, she was searched by security officers.  (*Id.*)  Plaintiff believes these actions were intended "to set an example to keep the other minority employees in check."  (*Id.*)

---

[2] The facts are recited here as alleged by Plaintiff, as this memorandum is evaluating a motion to dismiss. *See Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

[3] Because the complaint lacks consistent pagination, the Court will refer to the complaint using the page numbers generated by the electronic filing system.

### III.  *Procedural History*

Plaintiff filed an administrative complaint with the Department of Homeland Security's Office for Civil Rights and Civil Liberties ("CRCL"), and the complaint was reviewed by the Equal Employment Opportunity Commission ("EEOC").  (CRCL Order – 2nd mailing, ECF No. 1-1).  On December 4, 2015, those agencies reached a finding that no discrimination had taken place, and provided Plaintiff with notice of her right to sue.  (*Id.*)  That notice was apparently mailed to the wrong address.  (*Id.*)  However, according to the certificate of service, the notice was simultaneously provided electronically to the attorneys representing Plaintiff in conjunction with her administrative complaint.  (CRCL Order – Certificate of Service, ECF No. 11-2.)[4]  On December 21, 2015, the CRCL's first letter to Plaintiff was returned to that office, and on March 11, 2016, the CRCL corrected the mistake by re-sending the notice to a different address.  (CRCL Order – 2nd mailing.)[5]  Plaintiff filed this lawsuit on March 22, 2016.  (Compl.)

### IV.  *Analysis*

Plaintiff filed claims pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act of 1990 ("ADA"), and the Age Discrimination in Employment Act of 1967 ("ADEA").  (Compl. 5.)  These statutes share a common filing deadline, which Plaintiff failed to meet, and for that reason, the Court will grant Defendants' motion to dismiss.  However, even if the complaint were timely, the Secretary of Homeland

---

[4] Plaintiff failed to provide the certificate of service in the copy of the CRCL Order attached to her complaint.  However, the Defendants did include it in the copy attached to their motion.  (*Compare* ECF No. 1-1 *with* ECF No. 11-2.)

[5] The original notice was addressed to "8206 Crawford Court."  (CRCL Order – Certificate of Service.)  That mailing was returned to the CRCL.  (CRCL Order – 2nd mailing.)  The CRCL's second mailing was addressed to "8602 Cranwood Court."  (*Id.*)  Because Plaintiff attached it to her complaint, she presumably received the second mailing.  (*See id.*)  Plaintiff's address on file with the Court is "8206 Cranwood Court," a hybrid of the two used by the CRCL.  (Compl.)

Security would be the only proper defendant in the suit, and the Court would dismiss Plaintiff's complaint against him for failure to state a claim on which relief might be granted.

As a preliminary matter, the Court notes that one of the statutes under which Plaintiff raises a claim of discrimination is the ADA. (*Id.*) However, that statute provides no mechanism by which employees might sue the Federal Government. 42 U.S.C. § 12111(5)(B) (2015) (excluding the United States from the ADA's definition of "employer"). Instead, the statute allowing for a federal employee to bring an employment discrimination suit on account of disability is the Rehabilitation Act of 1973 ("Rehabilitation Act"). 29 U.S.C. §§ 791, 794a (2016). Because the Court construes *pro se* filings liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), it will respond as if Plaintiff had brought her complaint under the proper statute.

## A. Timeliness

If the EEOC rejects a complaint brought pursuant to Title VII, the Rehabilitation Act, or the ADEA, and the complainant then wishes to file a civil action in a United States District Court, she must do so within ninety days of receiving notice of the EEOC's final action or its final decision on appeal. 29 C.F.R. § 1614.407 (2016). Courts have used procedural rules in calculating dates pertinent to the filing of civil complaints subsequent to right to sue letters. *Nguyen v. Inova Alexandria Hosp.*, 187 F.3d 630, 1999 WL 556446 at *3 (4th Cir 1999) (unpublished). Thus, when the record contains no evidence of the actual date of receipt of a letter, courts apply Rule 6 of the Federal Rules of Civil Procedure, and presume notice to have been received three days after it was sent by mail or electronic transmission. *Id.* The same rule allows that when a filing deadline would otherwise expire on a Saturday, Sunday, or legal holiday, the deadline is extended to the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a).

4

Plaintiff failed to file her complaint before the statutory deadline.   The CRCL incorporated the EEOC's decision on December 7, 2015, when it mailed notice to Plaintiff that it rejected her claim and transmitted the same notice to her counsel electronically.[6]  (CRCL Order – 2nd mailing, ECF No. 1-1; CRCL Order – Certificate of Service, ECF No. 11-2.)  Because the record does not indicate when Plaintiff or counsel received the notice, receipt is presumed to have occurred three days later, on December 10, 2015.[7]  Receipt of notice triggered the ninety-day deadline for Plaintiff to file her complaint.  Ninety days from December 10, 2015, was March 9, 2016, a Wednesday that was not a legal holiday.  Therefore, Plaintiff's last opportunity to timely file her complaint in this Court was March 9, 2016.  Plaintiff did not file her complaint until March 22, 2016 (Compl.), thirteen days after it was due.

The expiration of the statute of limitations does not end the Court's inquiry.  When a plaintiff does not receive notice of the EEOC's rejection of her discrimination claim within three days of its issuance, and the plaintiff then fails to file her civil complaint within ninety days, a District Court reviewing the timeliness of the action is tasked with "conduct[ing] a thorough examination of the facts to determine if reasonable grounds exist for an equitable tolling of the filing period."  *Harvey v. City of New Bern Police Dep't*, 813 F.2d 652, 654 (4th Cir. 1987) (rejecting an "actual receipt" rule in favor of a rule requiring a case-by-case examination to determine if an equitable tolling of the filing period is appropriate).  Courts apply equitable tolling only sparingly, and only for a plaintiff who presents "(1) extraordinary circumstances, (2) beyond her control or external to his own conduct, (3) that prevented her from filing on time."  *Coleman v. Talbot Cty. Det. Ctr.*, 242 F. App'x 72, 74 (4th Cir. 2007) (per curiam)

---

[6] *See infra* for discussion of receipt of notice through counsel.
[7] Courts applying Rule 6 to determine the filing deadline for complaints in employment discrimination cases tend to add the three days allowed for transmission by mail or electronic delivery to the beginning of the filing period, rather than the end.  *See, e.g., Nguyen*, 187 F.3d at *3.

(quoting *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004)).  When someone other than the plaintiff receives timely notice on the plaintiff's behalf, and the plaintiff does not receive actual notice until a later date, whether equitable tolling applies depends on whether the person receiving the notice could be considered an agent of the plaintiff.  *Ish v. Arlington Cty. Va.*, 918 F.2d 955, 1990 WL 180127 at *2 (4th Cir. 1990) (unpublished); *see also Harvey*, 813 F.2d at 654 (citing *Franks v. Bowman Transp.*, 495 F.2d 398 (5th Cir. 1985)) (finding the plaintiff received constructive notice at the time notice was received by his wife and distinguishing those facts from a cited case, in which the filing period was equitably tolled for a plaintiff whose nine-year-old nephew received the notice, lost it, and never informed the plaintiff).  When a plaintiff is represented by counsel for an administrative complaint, the plaintiff is constructively notified of the EEOC's decision at the time counsel receives such notice.  *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 93 (1990); *but see Cumbow v. Vt. Am. Corp.*, 586 F. Supp. 873 (W.D. Va. 1984) (finding that a plaintiff was not constructively notified at the time of delivery to her former counsel, whom she fired prior to the EEOC's final decision).

Plaintiff did not receive the CRCL's letter directly due to an incorrect address.  (CRCL Order – 2nd mailing, ECF No. 1-1.)  The record is silent as to whether the error was attributable to the EEOC or to some circumstance within Plaintiff's control.  However, notice was simultaneously transmitted electronically to counsel representing Plaintiff in her administrative proceedings.  (CRCL Order – Certificate of Service, ECF No. 11-2.)  Her attorneys acknowledged receipt of the EEOC's notice in a correspondence with Plaintiff sent prior to her filing of her *pro se* complaint in this Court.  (Compl. 9.)  Furthermore, because counsel informed Plaintiff in that same correspondence that they would not represent her in her civil lawsuit (*id.*), their representation was apparently still in effect when they received the EEOC's letter.

Therefore, Plaintiff received constructive notice of the EEOC's decision when her attorneys are presumed to have received such notice on December 10, 2015.

Plaintiff has presented no evidence of any external circumstance beyond her control that prevented her timely filing. The Court concludes the complaint did not comply with the statutory limitations period and further concludes that Plaintiff has not demonstrated any basis for equitable tolling. Thus, the Court considers her complaint to be untimely and will grant Defendants' motion to dismiss.

### B. *Proper Parties and Sufficiency of the Complaint*

Even if Plaintiff's complaint were timely filed, it would still not survive Defendants' motion to dismiss.

First of all, the pertinent statutes provide Plaintiff with no valid claims against Defendants Warke, Corkran, Collins, Olde, Collett, or Meeker. Within the context of a civil suit brought against a government employer pursuant to Title VII, the Rehabilitation Act, or the ADEA, the only proper defendant is the head of the agency, department, or unit in question. *See* 42 U.S.C. § 2000e-16(c) (2016) (identifying the proper defendant in a suit brought against a federal employer pursuant to Title VII); *Williams v. Va. Nat. Guard Bureau*, 914 F.2d 250, 1990 WL 135860 at *1 (4th Cir. 1990) (unpublished) (applying the same requirement to a suit under the ADEA); *Buie v. Berrien*, 85 F. Supp. 3d 161, 171 (D.D.C. 2015) (applying the same requirement to a Rehabilitation Act suit). The statute's reference to "agency" or "department" refers to the cabinet-level, executive department. *Romain v. Shear*, 799 F.2d 1416, 1418 (9th Cir. 1986). Accordingly, even if Plaintiff's complaint were timely, the statutes in question would only provide her with a case against Jeh Charles Johnson, the Secretary of Homeland Security.

Second, Plaintiff's complaint fails to allege any facts that could amount to a plausible claim for relief, even against Secretary Johnson.  Plaintiff professes a personal belief that her managers required her attendance at a meeting as a means to prevent her from speaking with representatives of the NAACP and the ACLU.  (Compl. 8.)  However, the complaint does not indicate anything that these managers did or said to support such a conclusion or anything that would allow one to reasonably infer a discriminatory or retaliatory motive, nor does she plausibly allege that Defendants actually prevented her from speaking to the NAACP or the ACLU.  (*See id.*)  Similarly, Plaintiff alleges that security officers subjected her to particular scrutiny "to set an example to keep the other minority employees in check," but offers no facts to support the notion that her minority status played any role in the treatment she received.  (*Id.*)  Other than these two unsupported statements, the complaint fails to mention any connection between Plaintiff's protected statuses (race, disability, age) and the treatment she received.  In short, Plaintiff fails to plead sufficient factual matter to state a plausible claim for relief.  Consequently, even if the Court did not grant Defendants' motion to dismiss on the grounds of untimeliness, it would do so on the grounds that the complaint fails to plead a claim on which relief might be granted.

## V.   Conclusion

For the foregoing reasons, Defendant's motion will be granted, and the case will be dismissed.  A separate order shall issue.

DATED this 3rd day of November, 2016.

BY THE COURT:

_____/s/_____

James K. Bredar
United States District Judge